UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNATHAN ASHBY, et al.,<br><br>Defendants. | Case No. 25-cv-07430-VC<br><br>**ORDER OF SERVICE** |

Miguel Silva, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Correctional Training Facility (CTF) doctor Jonathan Ashby. Dkt. No. 6. The court dismissed the complaint with leave to amend. Dkt. No. 9. Silva filed a First Amended Complaint (FAC). Dkt. No. 10. The court now addresses the claims asserted in Silva's FAC and orders service of one claim against Dr. Ashby.

**DISCUSSION**

**I.      Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Silva's Allegations in the FAC

Silva alleges as follows in the FAC: defendant Ashby, his primary care doctor at CTF, violated his constitutional rights when he prematurely removed the gabapentin, morphine, crutches, orthopedic boots, and lower bunk that were prescribed to Silva after his most recent surgery in 2025.

Defendant Smith, a surgeon at the Delano Regional Medical Center, performed bunion surgeries on plaintiff in 2015 and 2018 and failed to properly repair the problem.

Defendant Chatigny performed a third bunion surgery in 2025 at Twin Cities Hospital and did not properly cut the bone around the bunion, causing debilitating pain.

## III.    Analysis

Defendants Smith and Chatigny are dismissed with prejudice, because Silva has not stated a constitutional claim against them despite multiple opportunities to do so. While deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), a plaintiff must show (and, at the pleading stage, adequately allege) that the defendant purposefully acted or failed to act in a way that caused harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Under this standard, an inadvertent failure to

provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Id.* Silva has alleged no facts suggesting that Smith or Chatigny were deliberately indifferent, but only that they inadvertently provided adequate medical care.

Liberally construed, Silva has stated an Eighth Amendment claim against defendant Ashby for deliberate indifference to his serious medical needs and pain in removing his post-operative pain medications, lower bunk prescription, and crutches and orthotic boot prematurely.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1.  Defendants Smith and Chatigny are dismissed with prejudice.

2.  The court orders that the following defendants be served electronically: Dr. Jonathan Ashby at CTF.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court whether the defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether the defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for the defendant, if he has not waived service according to the CDCR Report of E-Service

3

Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

4.    The following briefing schedule shall govern dispositive motions in this action:

a.  If the defendant intends to file a motion for summary judgment or other dispositive motion, he must do so no later than fifty-six days from the date the answer is due. If the defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendant believes this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Silva.

At the time the dispositive motion is served, the defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not

4

earlier); *Rand* at 960 (separate paper requirement).

b.  Silva's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendant no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing his opposition, Silva is advised to read the notice that will be provided to him by the defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Silva is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Silva will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.  The defendant shall file a reply brief no later than fourteen days after the date Silva's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

6.  All communications by Silva with the court must be served on the defendant, or the defendant's counsel once counsel has been designated, by mailing a true copy of the document to the defendant or counsel.

7.  It is Silva's responsibility to prosecute this case. Silva must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do

so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____

VINCE CHHABRIA
United States District Judge